UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOARD OF TRUSTEES, INTERNATIONAL
BROTHERHOOD OF ELECTRICAL
WORKERS LOCAL UNION NO. 252
PENSION FUND, HEALTH & WELFARE
FUND, APPRENTICE & TRAINING
FUND, APPRENTICE SCHOOL FUND,
VACATION FUND, WORKING
ASSESSMENTS FUND AND LABOR            CIVIL CASE NO. 00-40384
MANAGEMENT FUND,

                           Plaintiffs,   HONORABLE PAUL V. GADOLA
                                          U.S. DISTRICT COURT
v.

DOV SZLAMKOWICZ, D/B/A
DAVIS ELECTRICAL SERVICES, INC.,

                            Defendant,

and

KAYE FINANCIAL CORPORATION,

                         Garnishee Defendant.
_____/

## ORDER DENYING GARNISHEE DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

Before the Court is Garnishee Defendant Kaye Financial Corp.'s motion to set aside default judgment, filed on August 11, 2005. A default judgment was entered by the Clerk of the Court on July 28, 2005, pursuant to Federal Rule of Civil Procedure 55(a), subsequent to Garnishee Defendant's failure to plead or otherwise defend itself after being served with a writ of garnishment.

Garnishee Defendant contends that its failure to respond to the writ of garnishment was due to an inadvertent oversight.  Garnishee Defendant alleges that it prepared the appropriate disclosure statement in response to the writ of garnishment, which it served on Defendant, but that it inadvertently failed to serve a copy of the disclosure to the Court and Plaintiff.  Accordingly, Garnishee Defendant requests this Court to set aside the default judgment, pursuant to Federal Rules of Civil Procedure 55 and 60.

Plaintiffs' response to the motion is lengthy and thorough, containing many exhibits.  Plaintiffs make several allegations that Garnishee Defendant has not acted in accordance with its duty to provide all evidence or to make payments.  Furthermore, Plaintiffs argue that there is no good cause is to set aside the default judgment because not only was Garnishee Defendant on notice that a copy of the disclosure had to be served on Plaintiffs and the Court, as stated in the actual disclosure document, but Garnishee Defendant actually signed and certified that it had served a copy of the disclosure on Plaintiffs and the Court.  The Court agrees with Plaintiff.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Garnishee Defendant's motion to set aside default judgment [docket entry 38] is **DENIED.**

**SO ORDERED.**

Dated:   October 20, 2005               s/Paul V. Gadola
                                        HONORABLE PAUL V. GADOLA
                                        UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   October 20, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
_____,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   Lori Ann Buiteweg; Jeffrey B. Hollander; Kenneth L. Gross                                                                                    .


 s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845